6L 391
7L 467
11L 62

## D. H. C. SPENCE *et al.*, *ex parte*.

JUDICIAL SALE OF REALTY. *Limitations.* *Lis pendens.* When land is sold by a decree of court and a lien retained to secure the purchase money, and the land is subsequently sold and conveyed by the vendee, the statute of limitations will not protect the last vendee, nor any subsequent vendee, against the payment of the purchase money due on the original sale. The principle of *lis pendens* applies.

### FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. H. H. LURTON, Ch.

R. EWING for Marmaduke heirs.

R. B. DAVIDSON for Willhoite *et al.*

McFARLAND, J., delivered the opinion of the court.

The question is this: Lands were sold by a decree of the chancery court on time, the notes of the purchasers were taken, and an express lien retained in the decrees to secure their payment, and the cause retained in court to collect the purchase money. After several years, judgments were taken, by motion of the clerk and master, for the balance due on the notes, and a decree entered to resell the property in pursuance of the lien retained for the payment of the judgments. Thereupon, a petition was filed by certain persons not parties to the original proceedings, and in considering the matter of their petition, it was made

to appear that they claimed the property by conveyances from other persons who held under deeds running back to the purchasers at the chancery sale before referred to; or, in other words, the property, after it was sold at the chancery sale, was again sold and conveyed by the purchasers, passing through several conveyances to the petitioners, who had held possession under their deeds for more than seven years before the decree was rendered for the enforcement of the lien; and the question is, can they defeat the enforcement of the lien by virtue of the statute of limitations of seven years.

We answer that they cannot, upon most obvious general principles.

The cause was all the time pending. The purchasers at the chancery sale became so far parties as to require the institution of no new proceedings against them to enforce the lien, and their possession was subordinate to the lien retained, and the argument filed concedes that had they retained possession the lien would not be barred.

We think it is well settled that a purchaser of property, in actual custody and control of a court of chancery pending a litigation in regard thereto, from one of the parties, can acquire no right above that of the party from whom he purchases. It is not even necessary to amend the proceeding so as to make the purchaser a party. The *lis pendens* is notice to him, and he takes the property subject to the jurisdiction and power of the court to dispose of it, or make such decrees in regard to it as it might have

done had he not purchased, and that without notice of his purchase. The court having acquired jurisdiction of the cause in the first instance for the sale of the property, still retains it for the purpose of enforcing its decrees for the payment of the purchase money.

Whether the lien might be lost by the laches of the parties in failure to prosecute said cause, is a question not made in this cause.

Decree dismissing the petition should be affirmed with costs.